construction is inconsistent with the spirit and policy of our laws, is fully sustained in *ReQua v. Graham*, 187 Ill. 67.

For the reasons given we are of the opinion that goods and chattels obtained by a sale from a debtor contrary to the provisions of the Bulk Sales Law, and consequently void as to creditors of the vendor, may be reached by such creditors in garnishment proceedings. The judgment of the Municipal Court will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*

---

**Johanna Kurowski, Defendant in Error, v. Louis Schurder and Pauline Schurder, Plaintiffs in Error.**

**Gen. No. 21,114.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action by Johanna Kurowski, plaintiff, against Louis Schurder and Pauline Schurder, defendants, in the Municipal Court of Chicago, to recover money deposited with defendant Pauline, and alleged to have come to the possession of the defendant Louis, which money was so deposited to be used by defendants for their own benefit and to be returned to plaintiff on demand. To reverse a judgment for plaintiff for $446, defendants prosecute this writ of error.

FRANK F. TOLLKUEHN, for plaintiffs in error.

O'DONNELL & O'DONNELL, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to establish claim as to amount of money deposited.* In an action to recover money deposited with defendants to be used for their own benefit but to be returned on demand, where the evidence as to one portion of the money claimed by plaintiff to have been deposited was conflicting, evidence *held* sufficient to establish plaintiff's claim as to the amount deposited.

2. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain finding that money loaned prior to specified date.* In an action for money loaned, where the evidence was conflicting as to whether a sum of money was loaned prior or subsequent to a named date, evidence *held* to show that such money was loaned prior to such date.

3. ASSUMPSIT, ACTION OF, § 18*—*when no duty to return deposited money until demand.* Where one deposits money with another with the understanding that the recipient shall use it for his own benefit and return it on demand, there is no duty or obligation resting upon such recipient to return it until a demand is made.

4. LIMITATION OF ACTIONS, § 20*—*when statute begins to run against claim for money loaned.* Where money is deposited with another to be used for the benefit of the recipient, and to be returned on demand, the statute of limitations does not begin to run until such demand is made.

5. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain finding that one depositing money did not intend to make gift.* In an action to recover for money deposited with another to be used for the recipient's benefit and to be returned on demand, evidence examined and *held* that plaintiff did not intend to give the money to defendant.

6. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain judgment in action to recover money deposited with another.* In an action to recover money deposited with another to be used by the recipient for her own benefit, and to be returned on demand, a judgment for plaintiff *held* sustained by the evidence where it appeared that plaintiff did not intend to give the money to defendant, and where no demand was made until shortly before bringing suit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,